UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DEAN,<br><br>      Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>      Defendant. | CASE NO. 2:21-cv-00205-BAT<br><br>**ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

  Defendant Allstate Insurance Company moves, pursuant to Fed. R. Civ. P. 56, for an order granting summary judgment on Plaintiff Michael Dean's claims for underinsured motorist ("UIM") benefits and damages. Defendant contends that Plaintiff's claims must be dismissed as Plaintiff was made whole as a matter of law when he accepted a settlement from the defendant tortfeasors in an amount much less than the policy limits. Dkt. 12. Plaintiff contests the motion and argues that he has irrefutable evidence that his provable medical damages exceed the tortfeasors' policy limits. Dkt. 14.

  This Court has already issued a ruling in a companion case, *Dean v. GEICO*, Case No. 2:20-cv-01496-BAT, 2021 U.S. Dist. LEXIS 206564, 2021 WL 4963638 (2021) (the "Companion Case"). Because Plaintiff has already had a full and fair opportunity to present the identical issue presented herein and the other requirements of the collateral estoppel doctrine are met, the Court finds that this matter may be dismissed with prejudice on this basis.

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 1

Accordingly, Defendant's motion for summary judgment is **GRANTED**.

BACKGROUND

A.    Facts Pertaining to Underlying Claims

Plaintiff was involved in three separate motor vehicle accidents in 2014. Dkt. 13, Declaration of Rory W. Leid, III. On June 11, 2014, Plaintiff was involved in an accident where his car was rear-ended. *Id.*, Exhibit A (Complaint for Damages in Snohomish County Superior Court Case No. 17-2-05671-21) at § IV. On August 28, 2014, Plaintiff was involved in a head-on motor vehicle collision. *Id*. at § V. Finally, on November 25, 2014, Plaintiff was involved in a third accident where his car was rear-ended. *Id*. at § VI. This is the accident which forms the basis of Plaintiff's claims in this lawsuit.

Plaintiff filed a lawsuit in Snohomish County Superior Court on June 8, 2017, against each of the tortfeasors for the three accidents under a theory of joint and several liability. On August 3, 2014, Plaintiff settled his claims against Defendant Rolle for the total sum of $35,000.00. Dkt. 13, Leid Decl., Exhibit G (Mediated Settlement Agreement).

On August 8, 2018, Plaintiff's bodily injury claims for the three accidents were dismissed. Dkt. 13, Leid Decl., Exhibit B (Stipulation and Order of Dismissal with Prejudice and Without Fees and Costs) and Exhibit C (Notice of Appearance for Defendants Rolle).

Plaintiff settled the June 11, 2014 bodily injury claim for $20,000.00 – the liability limits were $1,000,000.00. *Id*. Plaintiff settled the August 28, 2014 bodily injury claim for $40,000.00 – the liability limits were $50,000.00 per person and $100,000.00 per occurrence. *Id*. Plaintiff settled the November 25, 2014 bodily injury claim for $35,000.00 – the policy limits were $50,000.00 per person and $100,000.00 per occurrence. *Id*., Exhibit D (Release of Claims and Settlement Agreement for Defendant Rolle).

1   Allstate, Plaintiff's insurer, paid $18,945.05 in Personal Injury Protection ("PIP")

2   benefits to Plaintiff. Allstate Policy No. 007305613 ("the Policy") provided Plaintiff with up to

3   $25,000.00 in PIP. The Policy provides, in pertinent part:

**Subrogation Rights**

When **we** pay, an **injured person's** rights of recovery from anyone else become **ours** up to the amount **we** have paid. However, **we** may recover only the excess amount the **Injured person** has received after being fully compensated for the loss. These rights must be protected. The **injured person** must help **us** enforce them.

Dkt. 13, Leid Decl., Exhibit H (Policy of Insurance). To date, Plaintiff has not repaid any of the $18,945.05 in PIP benefit.

B.   <u>Facts Pertaining to This Claim</u>

Plaintiff filed this cause of action originally in Snohomish County on November 24, 2020. Dkt. 1. Plaintiff claims that the vehicle driven by the tortfeasor (Lory Rolle) in the November 25, 2014 motor vehicle accident was "underinsured" and therefore, Plaintiff failed to receive full recovery of his damages. *Id*. Plaintiff sues Defendant for negligence and/or gross negligence, bad faith, unfair and deceptive acts, and breach of its contractual duty to conduct a reasonable investigation and fair settlement. *Id*. Plaintiff states that at the time he settled with the underlying tortfeasor defendants, he "was unaware of the full extent of [his] neurological injuries…". Dkt. 16, Declaration of Michael Dean.

Plaintiff consulted with Dr. Sanford Wright, M.D., a neurological surgeon consultant and expert witness, on September 17, 2020 – about two years after Plaintiff's "chiropractor completed treatment in approximately 2017-2018." Dkt. 17, Declaration of Sanford Wright, M.D., Exhibit 2, p. 3. Dr. Sanford reviewed Plaintiff's C-MRI scans of October 27, 2015 and July 25, 2018. *Id*., Exhibit 2 (Dkt. 17-1, p. 5). Both scans showed "moderately severe C6-7

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 3

foraminal stenosis, right side, and mild cervical DDD." *Id*. Dr. Sanford noted that Dr. Singh, who ordered the C-MRI scans, had advised a surgical consultation, but Plaintiff was "fearful of surgery" at that time. *Id*.

Dr. Wright diagnosed cervical and right and lower thoracic strains due to the June 11, 2014 motor vehicle accident; aggravation of those strains with new onset migraine like symptoms due to the August 28, 2014 motor vehicle accident; and further aggravation of all these symptoms due to the November 25, 2014 motor vehicle accident. *Id*., Exhibit 2 (Dkt. 17-1, p. 6). Dr. Wright proposed further surgical consultation with Ali Anissipour, D.O.

A third MRI of Plaintiff's cervical spine was taken on February 12, 2021. Dkt. 18-1, p. 5. Dr. Anissipour evaluated Plaintiff on February 18, 2021. Dkt. 18, Declaration of Alireza Anissipour. The most recent MRI showed a mild right-sided paracentral disc bulge at C5-6 resulting in moderate foraminal stenosis and a large paracentral disc bulge/herniation at C6-7 causing some right central hemicord compression and severe right 7 foraminal stenosis. Dkt. 18-1, p. 7. Dr. Anissipour recommended a C6-7 cervical disc arthroplasty. Dkt. 18, Anissipour Decl., at p. 2.

At the time Plaintiff settled with the underlying tortfeasor defendants in 2018, he was aware that he was a surgical candidate. See Dkt. 21, Supplemental Declaration of Rory W. Leid, III, Exhibit 1 (Plaintiff's Expert's Independent Medical Examination ("IME") Report of Gary R. Schuster, M.D., dated July 30, 2018) and Exhibit 2 (Plaintiff's Expert's letter from Dr. Schuster, dated July 31, 2018). Based on Plaintiff's IME and C-MRIs dated October 27, 2015 and July 26, 2018, Dr. Schuster opined that, on a more probable than not basis, Plaintiff needed a cervical decompression with foraminotomy at C5-6 and C6-7, microdiscectomy at C5-6 and C6-7. Dr. Schuster assessed Plaintiff with a 10% whole person impairment rating and estimated the costs

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 4

of surgery and cubital tunnel transposition (including preoperative care, anesthesia, operating room, surgical fees, hospitalization, and postoperative physical therapy) at approximately $63,000.00. See *id*., Exhibit 2 at p. 30.

C.  The Companion Case Against GEICO

In Case No. 2:20-cv-01496-BAT, Plaintiff sued GEICO, claiming, as he does here, that he has irrefutable evidence that his provable medical damages exceed the underlying tortfeasors' policy limits. GEICO argued, as Allstate does here, that Plaintiff was made whole as a matter of law when he accepted a settlement from the defendant tortfeasors in an amount much less than the policy limits. On October 26, 2021, the Court entered judgment in favor of GEICO. *See Dean v. GEICO*, Case No. 2:20-cv-01496-BAT, 2021 U.S. Dist. LEXIS 206564, 2021 WL 4963638 (2021).

In its reply, Allstate argued that this case may be dismissed because Plaintiff is collaterally estopped by the Court's ruling in the Companion Case. Dkt. 20. Due to the timing of the parties' filings in this case in relation to entry of the Judgment in the Companion Case, the Court directed that Plaintiff could file a response, by November 29, 2021, to address Allstate's collateral estoppel argument. Dkt. 22. Plaintiff did not file a response. Such failure to file a response may be considered by the Court as an admission that the motion has merit. *See* LCR 7(b)(2).

## LEGAL STANDARD

A party is entitled to summary judgment if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. "A material fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). A party opposing summary

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 5

1 judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553 (1986); *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (genuine issues are not raised by mere conclusory allegations).

Once the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish that a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Evidence submitted by a party opposing summary judgment is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *See U.A. Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir.1995). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

## EVIDENTIARY OBJECTIONS

Allstate requests that the Court strike various portions of declarations submitted by Plaintiff on various grounds, *i.e.* lack of personal knowledge, lack of medical knowledge, legal opinions, and speculation. The Court denies the motion to strike as these objections are largely duplicative of Rule 56's motion for summary judgment standard. As a court can award summary judgment only when there is no genuine issue of material fact, any statements based on improper legal conclusions or without the requisite knowledge are considered by the Court as argument only.

## DISCUSSION

As this Court has already found Plaintiff Dean was made whole when he accepted a settlement with the defendant tortfeasors in an amount less than the available policy limits, summary judgment on the ground that Plaintiff is collaterally estopped here is appropriate. Because the court's jurisdiction in this case is grounded in diversity, the court applies the law of the state in which it sits to determine whether collateral estoppel applies to the issues raised here. *See Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002).

Collateral estoppel bars the re-litigation of issues that were decided in a previous proceeding involving the same parties. *Sprague v. Spokane Valley Fire Dep't*, 189 Wash.2d 858, 899, 409 P.3d 160, 183 (Wash. 2018). The Court considers four factors when deciding whether collateral estoppel applies: (1) whether the issue decided in the prior action was identical to the issue presented in the second action; (2) whether the prior action ended in a final judgment on the merits; (3) whether the party to be estopped was a party or in privity with a party in the prior action; and (4) whether the application of the doctrine will work an injustice. *Id.* (citing *Shoemaker v. City of Bremerton*, 109 Wash.2d 504, 507, 745 P.2d 858, 860 (Wash. 1987)). In addition, the issues to be precluded must have been actually litigated and necessarily decided in the first proceeding. *Id*. Further, the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issues in the first proceeding. *Id*. All of the elements of collateral estoppel apply here.

1. <u>Identical Issues</u>

For collateral estoppel to apply, the "issues to be precluded must have been actually litigated and necessarily decided in the first proceeding." *Shoemaker*, 109 Wash.2d at 508, 745 P.2d 858.

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 7

Case 2:21-cv-00205-BAT   Document 24   Filed 12/07/21   Page 8 of 9

In the Companion Case this Court found as follows:

> There is no dispute that Plaintiff, who was represented by counsel, settled all three of his bodily injury claims against the underlying tortfeasors for less than the policy limits. Plaintiff settled his claims for a total of $95,000.00, leaving over $1 million on the table. There is no evidence that Plaintiff was obligated to settle for less than the liability policy limits. And there is no dispute that at the time he settled these claims, Plaintiff knew he was a surgical candidate. The question presented here is whether in light of these facts, Plaintiff is entitled to recover additional compensation from his UIM insurer on the theory that one of the underlying tortfeasors was "underinsured."

Dkt. 28, p. 5:16-23. It is undisputed that the same analysis applies here and therefore, this element has been met for collateral estoppel to apply.

2. <u>Judgment on the Merits</u>

This element of collateral estoppel is met as, on October 26, 2021, Judgment was entered in favor of GEICO in the Companion Case. Dkt. 29 (therein). This Judgment is on the merits as it incorporates by reference the Court's order granting GEICO's motion for summary judgment on the identical issue advanced herein.

3. <u>Parties in Privity</u>

It is undisputed that Plaintiff Michael Dean is the same Plaintiff in the Companion Case and in the underlying state court lawsuit against the three tortfeasors. For collateral estopped to apply, the party against whom collateral estoppel is being asserted must be the same. *Weaver v. City of Everett*, 194 Wn. 2d 464, 474, 450 P.3d 177 (2019). This element of collateral estoppel has also been met.

4. <u>Substantial Justice</u>

To determine whether collateral estoppel will work an injustice, Washington courts "ask whether the party against whom the doctrine is asserted had sufficient motivation for a full and vigorous litigation of the issue in a prior proceeding." *Weaver v. City of Everett*, 194 Wash.2d

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 8

1  464, 474, 450 P.3d 177 (2019). Here application of collateral estoppel is appropriate because 1)
2  Plaintiff Dean vigorously defended against summary judgment dismissal in the Companion Case,
3  and 2) the relief sought by Plaintiff Dean in the instant matter is substantially similar to the relief
4  sought in the Companion Case. This element has been met for collateral estoppel to apply.

5  In the Companion Case, Plaintiff sued GEICO, claiming, as he does here, that he has
6  irrefutable evidence that his provable medical damages exceed the underlying tortfeasors' policy
7  limits. GEICO argued, as Allstate does here, that Plaintiff was made whole as a matter of law
8  when he accepted a settlement from the defendant tortfeasors in an amount much less than the
9  policy limits.  Because this issue was litigated and decided in the Companion Case, Plaintiff is
10 collaterally estopped from relitigating it here.

11 Accordingly, it is **ORDERED** that the Motion for Summary Judgment of Defendant
12 Allstate Insurance Company (Dkt. 12) is **GRANTED**; Plaintiff's claims against Defendant
13 Allstate Insurance Company are **dismissed with prejudice**.

14 DATED this 7th day of December, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANT
ALLSTATE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 9